## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

RICHARD TISSOT,                                    Case No. 18-CV-2583 (DWF/SER)

        Petitioner,

v.                                                 **REPORT AND RECOMMENDATION**

RICHARD STANEK, Sheriff,

        Respondent.

    Petitioner Richard Tissot was detained in Hennepin County, Minnesota pending extradition to Montana for an alleged violation of the conditions of a probationary term entered in that state. Tissot filed a petition for a writ of habeas corpus seeking release from his detention in Hennepin County on several grounds. *See* Petition [ECF No. 1]. Tissot's petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] This Court now recommends that the petition be dismissed without prejudice.

    As an initial matter, this Court notes that Tissot has already been extradited to Montana during the pendency of these habeas corpus proceedings. *See* ECF Nos. 10 & 10-1. Nevertheless, this Court retains jurisdiction over the petition, despite Tissot's departure from the District. "Once the custodian of the petitioner is properly served, the question is no longer jurisdictional, but one of the most convenient forum for litigation." *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976); *accord Eubanks v. Wilson*, No. 15-

---

[1] Tissot's habeas petition is not governed by 28 U.S.C. § 2254. The Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

1

CV-2677 (PJS/DTS), 2017 WL 2303506, at *3 (D. Minn. May 1, 2017) (noting the "clarity of our precedent" on the jurisdictional question while noting that "the analysis of the precedent underlying it is somewhat muddled and inconsistent.").

Nevertheless, Tissot's petition must be denied. "Even though the statutory language of [28 U.S.C.] § 2241(c)(3) does not contain an exhaustion requirement, in the context of pretrial habeas petitions, 'federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" *Eremy v. Ramsey County, Minnesota*, No. 17-CV-0083 (WMW/KMM), 2017 WL 3432067, at *1 (D. Minn. Apr. 21, 2017) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). Minnesota law provides a means through which prisoners may challenge the validity of detention pending extradition — a petition for a writ of habeas corpus filed in the state courts. *See* Minn. Stat. § 629.10; *State v. Phillips*, 587 N.W.2d 29, 33-35 (1998). Tissot, on his account, seems to have done everything *except* seek habeas corpus relief in the state courts, including sending letters to the Minnesota Attorney General, Minnesota Supreme Court, Minnesota Court of Appeals, Minnesota Board of Judicial Standards, and many other entities. *See* ECF No. 2 at 1. Moreover, Tissot does not provide an adequate explanation for having failed to exhaust state remedies using the correct procedural vehicle provided by state law.

Even if the Court were to ignore Tissot's failure to exhaust state remedies for his claims, his petition would fail. The bulk of Tissot's claims concern alleged violations of *state* law regarding extradition. But violations of state law are not, by themselves, an

adequate basis upon which to seek federal habeas corpus relief. *See* 28 U.S.C. § 2241(c); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Nor may a state petitioner seek federal habeas relief for alleged Fourth Amendment violations where (as here) the state courts afford "an opportunity for full and fair litigation" of the claim. *Stone v. Powell*, 428 U.S. 465, 469 (1976). And the few claims raised by Tissot that properly sound in habeas corpus make little sense in the context of this matter. For example, Tissot alleges that he was denied the right to counsel during the extradition proceedings, but "[i]t is well settled that extradition proceedings are not considered criminal proceedings that carry the sixth amendment guarantee of assistance of counsel." *Chewning v. Rogerson*, 29 F.3d 418, 421 (8th Cir. 1994). Tissot also alleges that he was not given warnings upon arrest pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). But *Miranda* does not create a free-floating right of criminal defendants to warnings from law enforcement; rather, *Miranda* limits the use of evidence elicited in the absence of the required warnings. Tissot does not point to any evidence procured by law enforcement and used during the course of the extradition proceedings that should have been excluded under *Miranda*.

Finally, although this Court has already noted that it retains jurisdiction over the petition notwithstanding Tissot's departure from the District, his extradition does render the petition largely (though not entirely) moot.[2] Tissot has, since the filing of this action,

---

[2] Tissot's claims of false imprisonment are not moot insofar as Tissot might seek relief *other than* his release from detention in Hennepin County. Any claims for monetary damages, however, would currently be barred under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), as Tissot has not established the illegality of his detention

3

been freed from his detention in Hennepin County. Even if Tissot were correct that his detention in Minnesota had been effected unlawfully, that detention has now ended. Tissot has thus received the relief requested in his habeas petition. *See Eremy*, 2017 WL 3432067, at *2. Tissot may believe that his *new* detention is unlawful on similar grounds. If true, this would mean that Tissot has a basis for relief in a separate habeas corpus action, brought in the appropriate venue. But the detention complained of in the pending habeas petition has concluded, and any request for relief from that detention became moot at the moment that Tissot was released from that detention.

For all those reasons, it is recommended that this matter be dismissed without prejudice. Tissot's motion for a restraining order halting extradition [ECF No. 9] may be denied as moot, as the extradition process has since been completed, as explained above.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENEDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE.

2. Petitioner Richard Tissot's motion for a restraining order [ECF No. 9] be DENIED AS MOOT.

Dated: November 7, 2018                         s/ *Steven E. Rau*
                                                Steven E. Rau
                                                U.S. Magistrate Judge

---

pending extradition. Tissot also suggests, through exhibits submitted to the Court, that he was not afforded appropriate conditions of confinement while in Hennepin County. This claim is not made moot by Tissot's extradition but should nevertheless be dismissed without prejudice, as habeas corpus is not the correct vehicle through which to seek relief on such a claim. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).

4

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).